PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 3 2021
CLERK, U.S. DISTRICT COURT
By SC Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

Fort Worth DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

Jaleel Bertrand Franklin
PETITIONER
(Full name of Petitioner)

Robertson Prison
CURRENT PLACE OF CONFINEMENT

vs.

02129734
PRISONER ID NUMBER

Bobby Lumpkin
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

4-21CV-616-O
CASE NUMBER
(Supplied by the District Court Clerk)

INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- ☑ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☐ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other: ______________ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**

**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: 432 JudiciAl District Court of TArrANt County TEXAS

2. Date of judgment of conviction: 12 2017 April

3. Length of sentence: thirty yEArs

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: TriAl CAsE #1368033D

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☐ Yes ☑ No

**Parole Revocation:**

13. Date and location of your parole revocation: ______________________

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☐ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☐ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:

______________________

Disciplinary case number: ______________________

What was the nature of the disciplinary charge against you? ______________________

18. Date you were found guilty of the disciplinary violation: ______________________

Did you lose previously earned good-time days? ☐ Yes ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:

______________________

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:

______________________

______________________

______________________

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☐ Yes ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: ______________________

Date of Result: ______

Step 2 Result: ______

Date of Result: ______

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Applicant 14-6 Amend rights violated when Applicant was given nix fair opportunity to select a fair-impartial jury ~~jury~~

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Jury impaneled was racially biased - discriminatory toward applicant African Americans in panel for voir dire prior to Applicants trial was systematically positioned for least likely get selected

B. **GROUND TWO:** Applicant six Amend. violated when received ineffective Assist. of counsel, when Attorney failed to render - ensure selection of jury not subsist racially biased

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

State utilize most of its peremptory challenge gender - racial biased nor did Attorney utilize peremptory defense, nix objection by trial Attorney during jury selection

C. **GROUND THREE:** ____________________

____________________

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

____________________

____________________

____________________

____________________

____________________

D. **GROUND FOUR:** ____________________

____________________

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

____________________

____________________

____________________

____________________

____________________

21. Relief sought in this petition: HAVE CASE remANded X reversed with CASE overturn

____________________

____________________

____________________

____________________

____________________

____________________

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☐ No
If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

N\A

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes ☑ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

N\A

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☑ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

N\A

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ________

(b) At arraignment and plea: ________

(c) At trial: ________

(d) At sentencing: ________

(e) On appeal: ________

(f) In any post-conviction proceeding: ________

(g) On appeal from any ruling against you in a post-conviction proceeding: ____________

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

My petition is subsisting filed within protocal ONE year statute

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

______________________________
Signature of Attorney (if any)

______________________________

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

April, 27, 2021 (month, day, year).

Executed (signed) on April 27th 2021 (date).

Galeel Franklin
Signature of Petitioner (required)

Petitioner's current address: French M. Robertson Unit 12071 Fm 3522 Abilene, TX 79601

TO: Brian Rebecek
U.S. District Clerk
Tarrant County
501 West 10th St Rm 310
Ft. Worth Tx 76102-3673




RE: Ex parte Jaleel Franklin: 432 Judicial District Court Tarrant County Tx Trialcase #1368033D

- Application for Writ of Habeas Corpus 28 USC § 2254
- Memorandum of Statute in support
- Offender Declaration by Jaleel Franklin
-

Mr Rebecek

Im attacking my conviction in 432 Judicial District Court. Will you allow me to perceive when documents have arrived in your capacity \ filed

Dated and Submitted this 27th day of April 2021

Jaleel franklin
#2129734
Robertson Prison
12071 fm rd. 3522
Abilene Tx 79601

C\C

Jaleel B. Franklin
#2129734
French m. Robertson unit
12071 Fm 3522
ABilene, Tx 79601













United States District Clerk
501 West 10th st. room#310
Fort worth, TX 76102-3673

LEGAL Mail

PRIVILEGED OFFENDER MAIL
NOT INSPECTED BY TEXAS
DEPARTMENT OF CRIMINAL
JUSTICE - CORRECTIONAL