IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JALEEL BERTRAND FRANKLIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-616-O |
| | § | |
| BOBBY LUMPKIN, Director, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Jaleel Bertrand Franklin ("Franklin"), a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), against Respondent Bobby Lumpkin, director of that division. After considering the pleadings and relief sought by Franklin, the Court concludes that the petition should be denied.

### I. BACKGROUND

#### A.   Procedural

Franklin is serving his term of imprisonment in the TDCJ-CID pursuant to a judgment and sentence entered by a Texas state court on April 7, 2017.[1] CR 196-201, (Judgment), ECF No. 10-3. In cause number 1368033D, a jury found Franklin guilty of continuous sexual abuse of a child victim under the age of fourteen, in the 432nd District Court of Tarrant County, Texas.

---

[1] "SHR-02" refers to the Clerk's Record of pleadings and documents filed with the court during Petitioner's state habeas corpus proceeding. *See generally*, *Ex parte Franklin*, Application No. WR-90,664-02, ECF Nos. 10-35 through 10-40. "CR" refers to the Clerk's Record of papers filed in the trial court and followed by the page number. ECF No. 10-3. "RR" refers to the statement of facts of the jury trial in the Reporter's Record, preceded by the volume number and followed by the page number. ECF Nos. 10-4 through 10-11.

*Id*. He was sentenced to thirty years' confinement for this offense. *Id.*

Franklin appealed his conviction to the Second Court of Appeals. CR 202 (Notice of Appeal), ECF No. 10-3. Franklin asserted two issues on appeal: (1) whether the trial court violated his right to due process of law when it allowed a biased state employee to testify as an expert, and (2) whether the trial court erred when it misconstrued *Allridge v. State,* 762 S.W.2d 146 (1988) by refusing to allow testimony pertaining to his compliance with the Grapevine police department's investigation. Appellant's Br. 6; ECF No. 10-12. The Second Court of Appeals affirmed the trial court's judgment. *Franklin v. State*, No. 02-17-00113-CR, 2018 WL 6844129, at *4 (Tex. App. Dec. 31, 2018).

Franklin filed a petition for discretionary review (PDR) in the Texas Court of Criminal Appeals ("TCCA") raising five issues: (1) his attorney was ineffective by not providing him a copy of his case file; (2) he was unable to raise the issue of the victim's past sexual history under Tex. R. Evid. Rule 412; (3) he was denied and deprived of his right to an appellate record; (4) that his not guilty plea was involuntary; and (5) the court failed to properly provide him a right to allocution. Orig. PDR, 2–9, ECF No. 10-20. The PDR was refused on June 26, 2019. *Franklin v. State*, PDR No. PD-0276-19 (Tex. Crim. App. 2020).

Franklin then filed a state habeas application challenging this conviction. SHR-02, 13 (State Habeas Application), ECF No. 10-40. In it, he raised the same two claims that he now raises in the instant federal petition. *Id.* at 18–20. The TCCA denied Franklin's application without written order on the findings of the trial court without a hearing and on the court's independent review of the record. SHR-02 (Action Taken), ECF No. 10-34.

Franklin timely filed the instant petition under 28 U.S.C. § 2254. Pet. 1-10, ECF No. 1.

B.   Facts

The Second Court of Appeals summarized the facts of the case as:

> In 2005, Jane and her family moved to Texas. While Jane's mother worked, Franklin would often help babysit Jane and her siblings. At trial, Jane testified that Franklin had sexual intercourse with her about twenty times during 2012 and 2013. At the time these events began, Jane was eleven years old and Franklin was eighteen years old.
> . . .
>
> Ultimately, a jury found Franklin guilty of continuous sexual assault of a child under the age of fourteen. After both sides presented punishment evidence, the jury assessed punishment at thirty years' incarceration. The trial court rendered judgment accordingly, and this appeal followed.

*Franklin v. State*, No. 02-17-00113-CR, 2018 WL 6844129, at *1 (Tex. App. Dec. 31, 2018).

## II.  ISSUES

The Court understands Franklin to raise two grounds for relief:

1. His Fourteenth Amendment equal protection rights were violated when a racially biased jury was empaneled due to African Americans being least likely to be selected; and

2. His attorney was ineffective when he failed to object to the State's gender-racial biased peremptory challenges or request a jury shuffle.

Pet. 4, ECF No.1; Brief 2–8, ECF No. 9.

## III.  RULE 5 STATEMENT

Respondent believes that Franklin's claims are not barred by the applicable statute of limitations or subject to the successive petition bar. *See* 28 U.S.C. §§ 2244(b), 2244(d). Respondent acknowledges that Franklin has exhausted his state court remedies for his claims. *See* 28 U.S.C. § 2254(b). Resp. 6, ECF No. 11.

## IV.  ANALYSIS

A.   AEDPA Standard of Review

3

A § 2254 habeas petition is governed by the heightened standard of review provided for in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, a federal writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as established by the Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. 28 U.S.C. § 2254(d)(1)–(2); *Harrington v. Richter,* 562 U.S. 86, 100 (2011). This standard is difficult to meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Harrington*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell (Miller El (I)*, 537 U.S. 322, 340 (2003); *Williams v. Taylor*, 529 U.S. 362, 399 (2000).

When the TCCA, the state's highest criminal court, refuses discretionary review or denies state habeas-corpus relief without written order, opinion, or explanation, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Harrington,* 562 U.S. at 100; *Singleton v. Johnson,* 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision" providing particular reasons, both legal and factual, and "presume that the unexplained decision adopted the same reasoning," and

4

give appropriate deference to that decision. *Wilson v. Sellers,* — U.S. —, 138 S. Ct. 1188, 1192 (2018).

## B.  No Error under *Batson v. Kentucy*, 476 U.S. 79 (1986) (Ground 1)

Franklin claims that his equal protection rights under the Fourteenth Amendment were violated when a racially biased jury was empaneled due to African Americans being "least likely to be selected." Pet. 6, ECF No. 1; Brief 2–4, ECF No. 2. This claim is without merit.

Under the Equal Protection Clause of the Fourteenth Amendment, the State may not "deny to any person within its jurisdiction the equal protection of the laws" which, stated differently, requires that all similarly situated people be treated alike. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The Equal Protection Clause forbids a prosecutor to challenge potential jurors solely on account of their race. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). The Supreme Court's decision in *Batson* introduced a three-step evidentiary framework for evaluating claims of racial discrimination in jury selection. *Id.* at 96-98. First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. *Id*. at 96-97. Second, if the requisite showing has been made, the burden shifts to the prosecutor to provide a race-neutral explanation for striking the venire member in question. *Id*. at 97-98. To satisfy this element, the prosecutor need only give an explanation based on something other than race. *Hernandez v. New York*, 500 U.S. 352, 359 (1991). "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Id*. at 360. Finally, under the third step, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination. *Batson*, 476 U.S. at 98. The ultimate burden of persuading the court that the State's peremptory

challenges are attributable to a discriminatory purpose lies with and never shifts from the defendant. *Id*. at 94 n.18 (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 252-56 (1981) (other citations omitted)); *Purkett v. Elem*, 514 U.S. 765, 768 (1995) (per curiam).

Under the AEDPA, a reviewing federal habeas court must find the state court's *Batson* determinations to be "an unreasonable determination of the facts in light of the evidence presented in the State court proceedings" before relief may be granted. 28 U.S.C. § 2254(d)(2). Thus, a federal court can only grant habeas relief "if it was unreasonable to credit the prosecutor's race-neutral explanations for the *Batson* challenge." *Rice v. Collins*, 546 U.S. 333, 338 (2006). Further, a state court's factual findings are presumed to be correct, and Franklin has the burden to overcome this presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Miller-El v. Dretke (Miller El-II)*, 545 U.S. 231, 240 (2005). The denial of a *Batson* challenge is itself a finding that the defendant failed to carry his burden of establishing purposeful discrimination as required by the third step of *Batson*. *Hernandez,* 500 U.S. at 364 ("In *Batson*, [the Supreme Court] explained that the trial court's decision on the ultimate question of discriminatory intent represents a finding of fact . . .").

A trial judge's finding at *Batson'*s third step is necessarily "accorded great deference" on appellate review. *Hernandez*, 500 U.S. at 364. The credibility of the prosecutor is often the deciding factor in a *Batson* claims. *See Batson*, 476 U.S. at 98 n.21. "Evaluation of the prosecutor's state of mind based on demeanor and credibility lies 'peculiarly within the trial judge's province.'" *Hernandez*, 500 U.S. at 365 (quoting *Wainwright v. Witt*, 469 U.S. 412, 428 (1985)). Equally critical to the trial judge's appraisal of the prosecutor's credibility is the trial judge's observation of venire members. "The manner of the juror while testifying is oftentimes

more indicative of the real character of his opinion than his words. That is seen below, but cannot always be spread upon the record." *Patton v. Yount*, 467 U.S. 1025, 1037 n.12 (1984) (citation and internal quotations marks omitted); *see also Miller-El (I)*, 537 U.S. at 339 (observing that "[d]eference is necessary because a reviewing court, which analyzes only the transcripts from voir dire, is not as well positioned as the trial court is to make credibility determinations"). Thus, a trial judge's ability to witness prospective jurors' "[d]emeanor, inflection, [and] the flow of the questions and answers" places him in the best position to gauge whether the prosecutor's reasons for striking particular jurors were credible or pretextual. *Patton*, 467 U.S. at 1038 n.14.

When examining this third step of *Batson*, the Supreme Court in *Miller-El (II)* conducted an extensive side-by-side comparison of black venire members with white empaneled jurists. 545 U.S. at 241-52. "If a prosecutor's proffered reason for striking a black panelist applies just as well to an otherwise-similar nonblack who is permitted to serve, that is evidence tending to prove purposeful discrimination to be considered at *Batson's* third step." *Id.* at 241 (citing *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147 (2000)). Soon after the second *Miller-El (II)* opinion, the Fifth Circuit determined that the Supreme Court had not announced any new elements or criteria regarding *Batson* violations, but rather simply made a final determination of the particular *Batson* claim raised in that case. *See Murphy v. Dretke*, 416 F.3d 427, 439 (5th Cir. 2005). In other cases predating *Miller-El (II)*, the Fifth Circuit had rejected *Batson* claims after a comparison of stricken minority venire members with empaneled jurors by concluding that the jurors were not similarly situated. *See Hicks v. Johnson*, 186 F.3d 634, 637 (5th Cir. 1999); *United States v. Jiminez*, 77 F.3d 95, 100-01 (5th Cir. 1996). The Supreme Court expounded in

*Miller-El (II)*, however, that "[a] per se rule that a defendant cannot win a *Batson* claim unless there is an exactly identical white juror would leave *Batson* inoperable; potential jurors are not products of a set of cookie cutters." 545 U.S. at 247 n.6.

Here, Franklin cannot show that the prosecutor exercised peremptory challenges on the basis of race. Indeed, the record shows that all of the stricken venire members were challenged for cause and that no peremptory challenges were exercised by the state or by Franklin. 3 RR 161–172, ECF No. 10-6. In addition, all of the challenges for cause were agreed upon by both the state and by Franklin. *Id.* Thus, Franklin has failed to demonstrate *Batson* error.

Regarding the composition of the venire panel itself, Franklin's attorney Fred Cummings stated in his affidavit that he would have requested a shuffle if the only African Americans on the panel had been seated outside the range of potential strikes. SHR-02, 95, ECF No. 10-40. Attorney Cummings believed that there were other African American prospective jurors on the panel within the probable juror range because he did not request a shuffle. *Id.* And to the extent that Franklin is complaining in the general sense that his jury panel did not have African Americans on it, "a defendant has no right to a 'petit jury composed in whole or in part of persons of his own race.'" *Batson*, 476 U.S. at 85 (quoting *Strauder v. West Virginia*, 100 U.S. 303, 305 (1880)).

The state court reviewed and rejected Franklin's ground in the state habeas application. SHR-02, 18–19; ECF No. 10-40; SHR-02, Action Taken, ECF No. 10-34. In particular, the state habeas court found that "[a]pplicant has failed to prove that the jury was unconstitutionally selected and empaneled." *See* SHR-02, 111 (State's Proposed Memorandum, Findings of Fact, and Conclusions of Law), *adopted by the state habeas trial court and adopted by the CCA*, SHR-

02, 116, ECF No. 10-40; SHR-02(Action Taken), ECF No. 10-34. The state court's decision is presumed to be correct under AEDPA. 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) (citations omitted). Thus, this denial is afforded AEDPA deference.

Franklin has not shown that the state court's decision to deny relief was an unreasonable application of clearly established federal law or an unreasonable application of the facts in light of the evidence presented. Accordingly, Franklin's ground one must be denied.

### C. The State Court's Denial of Franklin's Ineffective Assistance Claim Was Reasonable. (Ground 2).

#### 1. Standard of Review: *Strickland v. Washington*, "Doubly Deferential" Review

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI, XIV; *Evitts v. Lucey,* 469 U.S. 387, 393–95 (1985); *Strickland v. Washington,* 466 U.S. 668, 688 (1984). An ineffective-assistance claim is governed by the familiar standard set forth in *Strickland v. Washington,* under which a petitioner must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 688. Both prongs of the *Strickland* test must be met to demonstrate ineffective assistance. *Id.* at 687, 697. In applying this standard, a court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional

9

assistance or sound trial strategy. *Id.* at 668, 688–89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689.

Under the first-prong of *Strickland*, a defendant must show that his trial counsel's performance was deficient. *Id.* In other words, the defendant must establish that his counsel's representation fell below an objective standard of reasonableness. *Clark v. Johnson*, 227 F.3d 273, 282 (5th Cir. 2000). This showing requires a defendant to prove that his counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

Under the second-prong of the *Strickland* test, a defendant must show that his counsel's deficient performance prejudiced him. *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 689). To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Clark*, 227 F.3d at 283. "Even a deficient performance does not result in prejudice unless that conduct so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result." *Knox v. Johnson*, 224 F.3d 470, 479 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 687). A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Because a defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 697.

Franklin has attempted to show deficient performance by second-guessing counsel's

decisions, i.e., arguing that counsel might have handled things differently. As such, Franklin's claim fails to satisfy the first prong of *Strickland*. Indeed, this is precisely the type of claim disfavored by *Strickland*. 466 U.S. at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

Moreover, the deference afforded to the state court's denial of Franklin's ineffective assistance of counsel claim is great. The question is not whether the state court's application of *Strickland* in light of the state court record was incorrect, but rather was it unreasonable, a much higher threshold. *Harrington,* 562 U.S. at 100-01 (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)); *see also Wooten v. Thaler*, 598 F.3d. 215, 222 (5th Cir. 2010) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). As the Supreme Court has explained, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles*, 556 U.S. at 123 (citation omitted). Federal court review of state-court decisions regarding ineffective assistance of counsel thus must be "doubly deferential" so as to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Tidlow,* 571 U.S. 12, 15 (2013) (citing *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011)).

        2.    <u>Counsel was not ineffective for failing to object on *Batson* grounds</u>

(Ground Two).

Franklin claims that counsel was ineffective for failing to object on *Batson* grounds to the prosecution's challenges for cause against a black venire member, failing to request a jury shuffle, and ensuring that the empaneled jury was free from racial prejudice. Pet. 4, ECF No.1; Brief 5-7, ECF No. 2. This claim is without merit.

As explained above, in order to assert a *Batson* challenge, the defendant establishes a prima facie case by raising an inference that the prosecution used peremptory challenges to improperly strike potential jurors. See *Batson*, 476 U.S. at 96–97. Once the party challenges the basis for the strike, the striking party must articulate a nondiscriminatory reason for the strike. *See Hernandez*, 500 U.S. at 389. The trial court then must determine whether the defendant has carried his burden of proving purposeful discrimination. *Id*. "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." *Purkett*, 514 U.S. at 768. The trial court's determination of the motivation for the strike is a question of fact. *See United States v. Bentley–Smith*, 2 F.3d 1368, 1372 (5th Cir. 1993).

As discussed in review of Ground One *supra*, all of the stricken venire members were challenged for cause or by agreement, and no peremptory challenges were utilized by either side. *See* 3 RR at 161–172, ECF No. 10-6. There was nothing for attorney Fred Cummings to challenge. Thus, Franklin cannot establish the first prong of *Batson* and this claim must fail. Franklin fails to provide a factual basis upon which counsel could have made a *Batson* challenge. Pet. 4, ECF No. 1; Brief 5–7, ECF No. 2. Thus, Franklin's claim is conclusory. *See Schlang v Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case") (citations omitted).

With regard to the jury shuffle challenge, attorney Cummings stated in his affidavit that he "would have requested a shuffle if the only African Americans on the panel had been seated outside the range of potential strikes as alleged by [Franklin]." SHR-02, 95, ECF No. 10-40. Counsel also believed that there were other African American prospective jurors on the panel within the probable juror range. *Id.* Thus, counsel's decision not to request a shuffle was the result of his reasoned trial strategy.

Also, in regard to the overall composition of the jury panel and alleged racial prejudice, Franklin cites no evidence other than his own self-serving assertions that the empaneled jury was prejudiced against African Americans. And, "a defendant has no right to a 'petit jury composed in whole or in part of persons of his own race.'" *Batson*, 476 U.S. at 85 (quoting *Strauder,* 100 U.S. at 305)).

When raised in the state habeas corpus proceeding, the state court reviewed and rejected this ground in Franklin's state habeas application. SHR-02, 18–19, ECF No. 10-40; SHR-02, (Action Taken), ECF No. 10-34. In particular, the state habeas court found that "[a]pplicant has failed to prove that the State used its preemptory challenges to exclude members based on their race alone." SHR-02, 111, ECF No. 10-40 (State's Proposed Memorandum, Findings of Fact, and Conclusions of Law), *adopted by the state habeas trial court and adopted by the CCA*, SHR-02, 116, ECF No. 10-40; SHR-02(Action Taken), ECF No. 10-34. Also, "[a]pplicant has failed to that the makeup of the venire panel was racially discriminatory." *Id.* And, "[a]pplicant has failed to show that trial counsel acted unreasonably in failing to request a shuffle." *Id*. at 112. And finally, "[a]pplicant has failed to prove that he received ineffective assistance of trial counsel." *Id*. The state habeas trial court recommended denying Franklin's application based on

13

these findings of fact and conclusions of law, which the TCCA adopted. This decision is presumed to be correct under AEDPA. 28 U.S.C. § 2254(e)(1). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Thus, the TCCA's denial is afforded AEDPA deference.

In sum, Franklin has not demonstrated that counsel was deficient or that he was prejudiced. The state court's denial of relief on his ineffective assistance claim was reasonable and Franklin has not overcome the "doubly" deferential assumption in favor of the state court denial. *Tidlow*, 571 U.S. at 15. Therefore, Franklin's ground for relief asserting ineffective assistance of counsel must be denied.

## V. CONCLUSION

For all of the reasons discussed herein, Jaleel Bertrand Franklin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, for the reasons discussed, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **16th day** of **June, 2022.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE